# THE ROBERT HADDEN.

## THE MATTIE NEWMAN.

MAYOR, ETC., OF CITY OF NEW YORK v. THE ROBERT HADDEN et al.

(District Court, S. D. New York. April 26, 1895.)

DAMAGES BY COLLISION—CITY VESSEL—ADVERTISED BIDS.

The city's vessel being damaged by collision, bids for the repairs were advertised for, as required by the state law, and the city accepted the one bid offered, and claimed that amount as the measure of damages. Upon a hearing before a commissioner, he found the actual damage to be much less than the amount paid under the accepted bid. *Held*, that the reasonable cost of the repairs was the rule of damages, and not the amount paid; especially, as there appeared to be negligence in the city officers in not procuring surveys on notice, as usual, nor ascertaining the probable damages before accepting the bid.

This was a libel by the mayor, etc., of the city of New York, against the steam tug Robert Hadden and the schooner Mattie Newman to recover damages resulting from a collision.

William H. Clark, Corp. Counsel, and James M. Ward, Asst. Corp. Counsel, for libelant.

Wing, Shoudy & Putnam and C. M. Hough, for the Robert Hadden.

Alexander & Ash, for the Mattie Newman.

BROWN, District Judge. The libelant's vessel, Havemeyer, having been damaged through the fault of the respondent's tug, the damages have been assessed by the commissioner, to whom it was referred, at the sum of $1,785, with interest. Exceptions have been taken to the report, because the commissioner allowed for the repairs of the Havemeyer a less sum than was paid by the city upon the contract awarded by it to the lowest bidder for doing the repairs, according to the law governing the city upon expenditures in excess of $1,000; and also because certain wages of the men on board the Havemeyer while she was laid up for repairs, were not allowed, nor any demurrage.

The commissioner, in his opinion, has carefully treated each of these claims, and I concur in the result at which he arrives. As respects the last two items, the evidence shows that the city has not sustained any pecuniary loss in these respects through the accident. As to the first item, the cost of repairs, the court, on the trial of the cause, admitted proof of the advertisement and award of the contract for doing the repairs pursuant to the law governing the corporation, and held them sufficient as prima facie evidence of the libelant's damage. Upon the reference before the commissioner various witnesses have been examined on this subject, and the weight of proof seems to me to sustain the commissioner's report, that the Havemeyer was damaged to the extent of $1,785 only, and not in the sum of $2,864, the amount of the single bid offered for doing the repairs, and which bid the city accepted, and paid. Assuming the actual damage to the Havemeyer to be the former sum only as the reasonable cost of doing the repairs, if in consequence of the law

governing the corporation the' city was obliged to accept the single bid offered, although I do not understand that the city is ever bound to accept an excessive bid, still the additional amount paid, over a fair award for the damage actually inflicted, is not a loss occasioned by the act of the respondents, but a loss arising incidentally to the city through the contract system imposed on it by law. If that mode of securing work to be done for the city is deemed best for the city's interests in the long run, it cannot change the rule of law in admiralty causes, nor impose a rule of damages different from that which applies as regards all other suitors. In this case, moreover, there would seem to have been neglect in the city officers, in not procuring surveys on notice to the defendant as usual, and in not making the customary efforts to ascertain the probable actual damage before accepting the bid.

Exceptions overruled and report confirmed.